CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 0 2 2005

JOHN F. CORCORAN, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN PAUL TURNER, ) | Misc. Case No. 7:05-MC-00045 |
| Plaintiff, ) | |
| v. ) | **MEMORANDUM OPINION** |
| COMMONWEALTH OF VIRGINIA, ) | By: Samuel G. Wilson |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff John Paul Turner, proceeding pro se, seeks in forma pauperis status to file an appeal of a recent decision of the Supreme Court of Virginia. The court grants Turner in forma pauperis status; however for the reasons stated, the court dismisses Turner's action sua sponte for failure to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B) (stating that a court may "at any time" dismiss an in forma pauperis claim if the action "fails to state a claim on which relief may be granted").

I.

On January 19, 2005, Turner challenged a decision of the General Registrar for Augusta County, Virginia, which denied Turner's application to register to vote. The Circuit Court of Augusta County heard this challenge. Finding that Turner has a 1995 felony conviction and that the Commonwealth of Virginia has not restored his civil rights, the circuit court dismissed his claim.

Turner then filed a petition for appeal with the Supreme Court of Virginia, which the court denied on August 15, 2005. In response, Turner seeks in forma pauperis status to file an appeal with this court and asks "[f]or this court to provide me a public platform that I can be

immediately using as a rehearsal for a World Court presentation."

## II.

Turner seeks review of the Supreme Court of Virginia's decision against him; however, lower federal courts do not have jurisdiction to review the judgments of state courts. Plyer v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). Instead, "jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Id.; see District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482 (stating that a United States District Court "has no authority to review final judgments of a state court in judicial proceedings" and that such review may be had only in the Supreme Court). Accordingly, the court finds that it lacks jurisdiction to adjudicate this matter.

## III.

For the foregoing reasons, the court dismisses Turner's claim because he fails to state a claim on which relief may be granted.

**ENTER**: This 2w/ day of September 2005.

UNITED STATES DISTRICT JUDGE